IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Jay Cohn,<br><br>                Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>                Respondents. | No. CV-15-00267-PHX-DLR (ESW)<br><br>**REPORT AND RECOMMENDATION AND ORDER** |

**TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:**

        Pending before the Court is Petitioner Michael Jay Cohn's ("Petitioner") Amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Amended Petition") (Doc. 10). Respondents have filed a Limited Answer (Doc. 36), and Petitioner has replied (Doc. 38).[1] The matter is deemed ripe for consideration.

        Petitioner raises four grounds for habeas relief in the Amended Petition. The

---

[1] After filing his Reply, Petitioner filed "Documents Supporting Post Conviction Rehabilitation" (Doc. 48), docketed as "Memorandum in Support of Petition for Writ of Habeas Corpus." Petitioner also filed a number of "notices," most of which pertain to Petitioner's claim that conditions within the Arizona Department of Corrections' prison facilities are constitutionally inadequate. (Docs. 39-47, 49-51). Petitioner has not sought leave of Court to supplement his Amended Petition or Reply. Respondents have not responded to or moved to strike the notices. The "notices" may be considered unauthorized sur-replies and may be stricken by the Court. However, the undersigned has reviewed and considered the notices in making the recommendations contained herein. The undersigned will order that Petitioner is prohibited from filing any more notices without prior leave of the Court.

undersigned finds that the all of the grounds are procedurally defaulted. It is therefore recommended that the Amended Petition be denied and dismissed with prejudice.

## I. BACKGROUND

On November 25, 2013, Petitioner signed a plea agreement in which Petitioner pled guilty to second degree murder, a class 1 felony, in violation of Arizona law. (Doc. 36-1 at 6-7). The trial court accepted Petitioner's guilty plea. (*Id*. at 9-11, 39-50). On February 21, 2014, the trial court sentenced Petitioner to a fifteen-year term of imprisonment. (*Id*. at 69-111). Petitioner did not file a notice for post-conviction relief ("PCR") in the trial court.[2] (Doc. 182-85). Petitioner's conviction and sentence thus became final on May 22, 2014. Ariz. R. Crim. P. 32.4 (deadline for filing a PCR notice in an of-right PCR proceeding is "ninety days after the entry of judgment and sentence within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding.").

On March 26, 2015, Petitioner filed the Amended Petition seeking federal habeas relief.[3]

## II. FEDERAL HABEAS LAW

### A. Federal Habeas Relief is Unavailable to Challenges to the Conditions of Confinement

Federal law "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran,* 562 U.S. 1, 5 (2010) *(per curiam)* (quoting 28 U.S.C. § 2254(a)). 28 U.S.C. § 2254 is the

---

[2] Under Arizona law, a defendant in a non-capital case who pleads guilty waives his or her right to a direct appeal. S*ee* ARIZ. REV. STAT. § 13–4033(B). A plea-convicted defendant, however, is entitled to an of-right PCR proceeding. *See* Ariz. R. Crim. P. 32.1 and 32.4.

[3] Respondents do not argue, and the undersigned does not find, that this habeas proceeding is untimely under the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996. The statute of limitations is codified at 28 U.S.C. § 2244(d).

exclusive avenue for a state court prisoner to challenge the constitutionality of his detention, even when the petition only challenges the execution of the sentence and not the underlying conviction itself. *White v. Lambert*, 370 F.3d 1002, 1005, 1009 (9th Cir. 2004) (adopting the majority view that distinguishes between a federal prisoner's ability to resort to § 2241 to attack the execution of a sentence and the structural differences in the habeas statutes that make a state prisoner's resort to § 2241 improper to challenge the execution of a state sentence). However, "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief" are not cognizable in a Section 2254 habeas petition. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (emphasis added). Those claims instead should be presented in a civil rights action filed pursuant to 42 U.S.C. § 1983. *Id.*; *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . . [R]equests for relief turning on the circumstances of confinement may be presented in a § 1983 action.").

### B. Exhaustion-of-State-Remedies Doctrine

For over a century, it has been settled that a "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). The rationale for the doctrine relates to the policy of federal-state comity. *Picard*, 404 U.S. at 275 (1971). The comity policy is designed to give a state the initial opportunity to review and correct alleged federal rights violations of its state prisoners. *Id.* In the U.S. Supreme Court's words, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Darr v. Burford*, 339 U.S. 200, 204 (1950); *see also Reed v. Ross*, 468 U.S. 1, 11 (1984) ("[W]e have long recognized that in some

1  circumstances considerations of comity and concerns for the orderly administration of
2  criminal justice require a federal court to forgo the exercise of its habeas corpus power.")
3  (citations and internal quotation marks omitted).

4　　　　　The exhaustion doctrine is codified at 28 U.S.C. § 2254.  That statute provides that
5  a habeas petition may not be granted unless the petitioner has (i) "exhausted" the
6  available state court remedies; (ii) shown that there is an "absence of available State
7  corrective process"; or (iii) shown that "circumstances exist that render such process
8  ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

9　　　　　Case law has clarified that in order to "exhaust" state court remedies, a petitioner's
10 federal claims must have been "fully and fairly presented" in state court.  *Woods v.*
11 *Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).  To "fully and fairly present" a federal
12 claim, a petitioner must present both (i) the operative facts and (ii) the federal legal
13 theory on which his or her claim is based.  This test turns on whether a petitioner
14 "explicitly alerted" a state court that he or she was making a federal constitutional claim.
15 *Galvan v. Alaska Department of Corrections*, 397 F.3d 1198, 1204–05 (9th Cir. 2005).
16 "It is not enough that all the facts necessary to support the federal claim were before the
17 state courts or that a somewhat similar state law claim was made."  *Anderson v. Harless*,
18 459 U.S. 4, 6 (1982) (citation omitted); *see also Lyons v. Crawford*, 232 F.3d 666, 668
19 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001) (federal basis of a claim
20 must be "explicit either by citing federal law or the decisions of federal courts, even if the
21 federal basis is self-evident or the underlying claim would be decided under state law on
22 the same considerations that would control resolution of the claim on federal grounds").

23　　**C. Procedural Default Doctrine**

24　　　　　If a claim was presented in state court, and the court expressly invoked a state
25 procedural rule in denying relief, then the claim is procedurally defaulted in a federal
26 habeas proceeding.  *See, e.g., Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001).
27 Even if a claim was not presented in state court, a claim may be procedurally defaulted in
28 a federal habeas proceeding if the claim would now be barred in state court under the

state's procedural rules. *See, e.g., Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

Similar to the rationale of the exhaustion doctrine, the procedural default doctrine is rooted in the general principle that federal courts will not disturb state court judgments based on adequate and independent state grounds. *Dretke v. Haley*, 541 U.S. 386, 392 (2004). A habeas petitioner who has failed to meet the state's procedural requirements for presenting his or her federal claims has deprived the state courts of an opportunity to address those claims in the first instance. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

As alluded to above, a procedural default determination requires a finding that the relevant state procedural rule is an adequate and independent rule. *See id*. at 729-30. An adequate and independent state rule is clear, consistently applied, and well-established at the time of a petitioner's purported default. *Greenway v. Schriro*, 653 F.3d 790, 797-98 (9th Cir. 2011); *see also Calderon v. U.S. Dist. Court (Hayes)*, 103 F.3d 72, 74-75 (9th Cir. 1996). An independent state rule cannot be interwoven with federal law. *See Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). The ultimate burden of proving the adequacy of a state procedural bar is on the state. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003). If the state meets its burden, a petitioner may overcome a procedural default by proving one of two exceptions.

In the first exception, the petitioner must show cause for the default and actual prejudice as a result of the alleged violation of federal law. *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014). To demonstrate "cause," a petitioner must show that some objective factor external to the petitioner impeded his or her efforts to comply with the state's procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). To demonstrate "prejudice," the petitioner must show that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Carrier*, 477 U.S. at 494 ("Such a showing of pervasive actual prejudice can hardly be thought to constitute anything other

than a showing that the prisoner was denied 'fundamental fairness' at trial.").

In the second exception, a petitioner must show that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *Hurles*, 752 F.3d at 780. This exception is rare and only applied in extraordinary cases. *Wood v. Ryan*, 693 F.3d 1104, 1118 (9th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). The exception occurs where a "constitutional violation has probably resulted in the conviction of one who is actually innocent of the offense that is the subject of the barred claim." *Wood*, 693 F.3d at 1117 (quoting *Schlup*, 513 U.S. at 327).

### III. ANALYSIS OF THE PETITION

**A. All Four Grounds are Procedurally Defaulted**

Petitioner presents the following four grounds for habeas relief in the Amended Petition:

> Ground One: "Deprivation of 8th amendment rights by court policy and sentencing decision." (Doc. 10 at 6).
>
> Ground Two: "Deprivation of 6th & 14th amendment due process rights/spoilage of evidence. Ineffectiveness of counsel, failure to submit all mitigating evidence to the court and ensure the courts understanding of the evidence." (*Id*. at 7).
>
> Ground Three: "Deprivation of access to counsel by the staff of the Maricopa Co. Jail (6th & 14th amendments)." (*Id*. at 8).
>
> Ground Four: "Deprivation of 8th amendment right to access bail bond. Deprivation of Supremacy Clause superceding state statute." (*Id*. at 9).

To satisfy the exhaustion-of-state-remedies doctrine, Petitioner, who is a plea-convicted defendant, must have presented the above claims to the trial court in a PCR petition. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32"). Then, Petitioner must have petitioned the Arizona Court of Appeals for review of

the trial court's ruling on the PCR petition. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005) (in noncapital cases, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them") (quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)). Claims that have been presented to the trial court, but not to the Arizona Court of Appeals are not exhausted. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

Here, Petitioner has not filed a PCR petition in the trial court. (Doc. 36-1 at 182-85). Beginning in December 2014, however, Petitioner has filed a number of other documents in the trial court:

1. "Notice of Intent to File Motion for Change of Jurisdiction," filed on December 24, 2014. (*Id.* at 121-22). As the notice did not request relief, the trial court took no action. (*Id.* at 124).

2. "Motion for Order to Compel Access to legal resources, etc," filed on January 14, 2015. (*Id.* at 126-28). The trial court denied the Motion, finding that Petitioner would only be entitled to the relief requested in the Motion through a Petition for Special Action. (*Id.* at 155).

3. "Motion for Change of Jurisdiction to U.S. District Ct.," filed on January 21, 2015. (*Id.* at 130-51). Concluding that there is no pending issue for which a transfer of jurisdiction would be available, the trial court denied the Motion. (*Id.* at 175).

4. "Motion for Partial Summary Judgment," filed on August 11, 2015. (*Id.* at 159-73). Because there was no pending motion for which summary judgment would be available, the trial court denied the Motion. (*Id.* at 177).

5. "Petition for Writ of Habeas Corpus," filed on May 15, 2015. (*Id.* at 179-80). The trial court denied the Petition after finding that there is no showing that Petitioner is illegally held or restrained. (Doc. 38-1 at 6).

In his Reply, Petitioner asserts that his grounds for habeas relief have been exhausted in light of above state court filings. (Doc. 38 at 10-11). Yet none of the filings are a PCR notice or petition. *Roettgen*, 33 F.3d at 38. Further, Petitioner concedes that he has not sought review in the Arizona Court of Appeals. (*Id.* at 6-9). Thus, none of the grounds have been exhausted. *Castillo*, 399 F.3d at 998.

Respondents assert that all four grounds are technically exhausted, but procedurally defaulted because Petitioner would be precluded from post-conviction relief on all four grounds under Rule 32, Ariz. R. Crim. P. (Doc. 36 at 14). Rules 32.2(b) and 32.4(a), Ariz. R. Crim. P., do not bar untimely claims that fall within the categories set forth in Ariz. R. Crim. P. 32.1(d) through (h):

> d. The person is being held in custody after the sentence imposed has expired;
>
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
>   (1). The newly discovered material facts were discovered after the trial.
>   (2). The defendant exercised due diligence in securing the newly discovered material facts.
>   (3). The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
>
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
>
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
>
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Petitioner does not assert that any of the above exceptions apply to his claims. Nor does it appear that such exceptions would apply. All four grounds are deemed

procedurally defaulted.[4] *Beaty*, 303 F.3d at 987 (a claim is procedurally defaulted "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the requirement would now find the claims procedurally barred") (quoting *Coleman*, 501 U.S. at 735 n.1)).

### B. Petitioner's Procedural Default is Not Excused

The merits of a habeas petitioner's procedurally defaulted claims are to be reviewed if the petitioner (i) shows cause for the default and actual prejudice as a result of the alleged violation of federal law or (ii) shows that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *McKinney v. Ryan*, 730 F.3d 903, 913 (9th Cir. 2013).

In the Amended Petition, Petitioner explains that he did not raise the issues presented in the Amended Petition to the Arizona Court of Appeals because his "legal research required more than 90 days post sentencing so I could not seek relief per [Ariz. R. Crim. P.] 32." (Doc. 10 at 6-9). Petitioner's status as a pro se litigant does not exempt Petitioner from the "cause and prejudice" standard. *Hughes v. Idaho State Board of Corrections,* 800 F.2d 905, 908 (9th Cir.1986). In other words, the fact that Petitioner is pro se and "mostly self-taught in the law" (Doc. 38 at 11) does not constitute cause. *Id.* at 909 (cause not established in case of illiterate petitioner who relied on the assistance of another inmate who was released); *Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir. 1988) (illiterate petitioner with a mental condition who relied upon incompetent "jailhouse lawyers" failed to show cause). Petitioner has not shown that an objective factor external to Petitioner impeded with his efforts to file a PCR notice. Petitioner has therefore failed to show cause for his procedural defaults. Where a petitioner fails to

---

[4] In addition, it appears that the gravamen of Ground One is Petitioner's challenge to the conditions of confinement. In the "Supporting Facts" section, Petitioner alleges that the trial judge sentenced him "to a medically hostile, dangerous and inadequate prison (Arizona Dept. of Corrections)." (Doc. 10 at 6). To the extent that Ground One does not attack the legality or duration of his confinement, habeas relief is unavailable. *See Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005) (habeas corpus unavailable to prisoner seeking transfer to a different institution); *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("A civil rights action, in contrast [to a habeas petition], is the proper method of challenging 'conditions of . . . confinement' ").

- 9 -

establish cause, the Court need not consider whether the petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray,* 477 U.S. 527, 533 (1986). Accordingly, the undersigned finds that Petitioner has not satisfied the "cause and prejudice" exception to excuse his procedural defaults.

To satisfy the fundamental miscarriage of justice exception, Petitioner must show that "a constitutional violation has resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327. Petitioner states that "it is possible Petitioner was poisoned, resulting in sudden, aggressive, uncontrollable behavior." (Doc. 38 at 12). To the extent Petitioner argues that the miscarriage of justice exception should be applied to excuse Petitioner's procedural defaults, Petitioner does not proffer any new evidence to support actual innocence. Petitioner's speculation regarding whether he was poisoned is insufficient to satisfy the miscarriage of justice exception.[5] *Schlup*, 513 U.S. at 324 ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."). After reviewing the record, the undersigned finds no evidence showing that a constitutional violation has probably resulted in the conviction of an innocent man. The undersigned thus finds the miscarriage of justice exception inapplicable to this case. *Wood*, 693 F.3d at 1117. Consequently, the undersigned recommends that the Court not excuse Petitioner's procedural defaults.

---

[5] Moreover, it is unclear "whether the *Schlup* actual innocence gateway always applies to petitioners who plead guilty." *Smith v. Baldwin*, 510 F.3d 1127, 1140 n. 9 (9th Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas. . . . For purposes of our analysis, however, we assume without deciding that the actual innocence gateway is available to [the plea-convicted habeas petitioner]."). Decisions in which the Ninth Circuit or United States Supreme Court have considered gateway claims of actual innocence in a plea context involved subsequent case law that arguably rendered the defendant's acts non-criminal. *See, e.g. Bousley v. United States,* 523 U.S. 614, 621-23 (1998); *Vosgien v. Persson*, 742 F .3d 1131, 1134-35 (9th Cir. 2013); *U.S. v. Avery*, 719 F.3d 1080, 1084-85 (9th Cir. 2013).

## IV. CONCLUSION

Based on the foregoing reasons, the undersigned recommends that the Court deny and dismiss the Amended Petition with prejudice.

Accordingly,

**IT IS ORDERED** that Petitioner is prohibited from filing any additional "notices" or supplementary information in this case without prior leave of the Court. Failure to comply with this order may result in the filed document being stricken by the Court.

**IT IS RECOMMENDED** that the Amended Petition (Doc. 10) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and the undersigned finds that jurists of reason would not find it debatable whether the Court was correct in its procedural ruling.[6]

### Effect of Recommendation

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the

---

[6] "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 16th day of February, 2016.

_____
Eileen S. Willett
United States Magistrate Judge